JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s conclusions, except for those expressed under Issue V. It is clear that there was an inadequate evidentiary basis for the damages awarded in paragraphs (a), (c), (d), and (f) of the District Court’s Finding No. 14. Therefore, I would amend the judgment by striking the recovery of damages in the amount that those items represent.
Section 27-1-302, MCA, requires that “[d]amages must in all cases be reasonable, and ... no more than reasonable damages can be recovered.”
In this case, the plaintiffs’ evidence in regard to the above damages consisted of offering several repair estimates and bills and then testifying that the bills had been paid. At no time was there any evidence that these expenditures were reasonable for the type of damage that had been sustained.
Furthermore, the bills on which the District Court based its damage award should never have been admitted. They were clearly out-of-court statements as defined in Rule 801, M.R.Evid., which were offered to prove the truth of the matters asserted therein. The bills were offered to prove that the work was done and that the amount for which the bills were submitted was a reasonable amount. Therefore, pursuant to Rule 802, M.R.Evid., the bills were not admissible and since defendants properly objected to their admission on the basis that they constituted hearsay, they should have been excluded. Without the inadmissible bills, there was no evidentiary basis for determining the reasonable amount of plaintiffs’ damages. The mere fact that plaintiffs paid the amounts stated did not make their expenditure reasonable.
Plaintiffs had the burden of proving by a preponderance of the evidence the reasonable value of their damages. The majority casual *244 ly shifts the burden to defendants by suggesting that since defendants did not disprove the amount of damages claimed by plaintiffs, then plaintiffs’ proof was sufficient.
This new rule of trial practice should indeed surprise most of the practicing bar in the State of Montana.
The majority opinion ignores simple rules of evidence, elementary principles of trial practice, and fundamental rules regarding a litigant’s burden of proof.
For these reasons, I dissent from Part V of the majority opinion.
JUSTICE GRAY concurs in the foregoing concurrence and dissent.